COOPER, WHITE & COOPER LLP
JILL B. ROWE (SBN 197713)
PATRICK M. ROSVALL (SBN 217468)
SCOTT M. McLEOD (SBN 242035)
201 California Street, 17th Floor
San Francisco, California 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

Attorneys for Defendant Comcast Cable
Management Communications, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| SACRAMENTO METROPOLITAN CABLE TELEVISION COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendant. | CASE NO. 2:18-CV-00500-WBS-EFB<br>CASE NO. 2:18-CV-01212-WBS-EFB<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>The Hon. William B. Shubb<br><br>Trial Date: None Set |

IT IS HEREBY STIPULATED and agreed by and between the parties, through counsel, that, upon the Court's approval, the terms and conditions of a Stipulated Protective Order should be entered as follows:

1. The Stipulated Protective Order entered by the Court (the "Protective Order") shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests, testimony, matters in evidence, and computerized records (collectively, "RECORDS") which the disclosing party designates as "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" pursuant to this Stipulation and the Protective Order, directly or indirectly by or on behalf of any party in

1259721.1

connection with this action.

2. Pursuant to Local Rule 141.1(c)(1), the types of information eligible for protection include a party's trade secret, confidential, competitive, or proprietary information pertaining to the party's business, which the party takes appropriate efforts to keep confidential, or information which the party is otherwise required to keep confidential by agreement or law, including the following: financial information; research, development, and technical information and specifications; and customer information.

3. Pursuant to Local Rule 141.1(c)(2), there is a need to protect this type of evidence. A party's trade secret, confidential, competitive, or proprietary information could be abused if its use were not limited to this lawsuit. For example, third party competitors could exploit the following types of confidential information to their advantage were it made public: (1) a party's financial information; (2) research, development, and technical information and specifications; and (3) customer information. In some cases, disclosure of this type of evidence could breach confidentiality agreements or violate privacy or consumer protection laws.

4. Pursuant to Local Rule 141.1(c)(3), the parties seek a Protective Order, as opposed to entering into a private agreement, because the proposed Order provides mechanisms for the resolution of disputes and the handling of designated evidence that involve the Court.

5. In designating RECORDS as "CONFIDENTIAL MATERIAL" a party shall make such a designation only for RECORDS which that party in good faith believes contain trade secret, confidential, competitive, or proprietary information pertaining to a party's business, which the party takes appropriate efforts to keep confidential, or information which the party is otherwise required to keep confidential by agreement or law. CONFIDENTIAL MATERIAL shall be used solely for the purpose of conducting this litigation and not for any other purpose.

6. RECORDS designated as CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

    a. the attorneys working on this action on behalf of any party, including in-house attorney

    b. any paralegal assistants, stenographic and clerical employees working under

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

the direct supervision of such counsel;

      c.    any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations, limited liability companies, partnerships, or joint powers authorities, to the extent necessary to further the interest of the parties in this litigation;

      d.    any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 6(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

      e.    any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

      f.    the Court.

7.    The persons described in paragraphs 6(d) shall have access to the CONFIDENTIAL MATERIAL once they have been made aware of the provisions of the Protective Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." Upon request, a list shall be prepared by counsel for the parties hereto of the names of all such persons to whom CONFIDENTIAL MATERIAL is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel. The other persons described in paragraphs 6 shall have access to the CONFIDENTIAL MATERIAL pursuant to the terms of the Protective Order without signing a copy of the annexed "ACKNOWLEDGEMENT." The persons receiving CONFIDENTIAL MATERIAL are enjoined from disclosing it to any other person, except in conformance with the Protective Order. This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

8.    Each individual who receives any CONFIDENTIAL MATERIAL hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of the Protective Order.

9.    The recipient of any CONFIDENTIAL MATERIAL that is provided under the

**COOPER, WHITE & COOPER LLP**
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1259721.1

3

STIPULATED PROTECTIVE ORDER

Protective Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

10. Parties shall designate CONFIDENTIAL MATERIAL as follows:

   a. In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL." In the event that a party was unable to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or CONFIDENTIAL at the time of its production, that party may, within twenty-one (21) days of becoming able to designate such RECORD, so stamp or otherwise designate the RECORD. In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or CONFIDENTIAL at the time of its production, that party may, after discovery of such error, so stamp or otherwise designate the RECORD.

   b. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL the deponent has had access, said counsel shall designate within twenty-one (21) days after counsel's receipt of the transcript.

   c. Portions or the entirety of transcripts of depositions involving CONFIDENTIAL INFORMATION will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters, and when filed, the parties shall comply with paragraph 12 below.

11. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these

**COOPER, WHITE & COOPER LLP**
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1259721.1

4

STIPULATED PROTECTIVE ORDER

1  proceedings with such designation, such party shall provide to the producing party written notice

2  of its disagreement with the designation.  The parties shall first try to dispose of such dispute in

3  good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the

4  designation may request appropriate relief from the Court.

5       12.    In the event that any CONFIDENTIAL MATERIAL is to be used in any court

6  proceedings in connection with this litigation, the parties shall request an Order from the Court

7  seeking to seal the documents pursuant to Local Rule 141.  If any CONFIDENTIAL MATERIAL

8  is used in any court proceedings in connection with this litigation it shall not lose its

9  CONFIDENTIAL MATERIAL status through such use, and the parties shall take all steps

10 reasonably required to protect its confidentiality during such use.

11      13.    Nothing in the Protective Order shall preclude any party to the lawsuit, their

12 attorneys or any other person from disclosing or using, in any manner or for any purpose, any

13 RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained outside the

14 litigation, even though the same RECORDS may have been produced in discovery in this lawsuit

15 and designated as CONFIDENTIAL MATERIAL.

16      14.    Nothing in the Protective Order shall preclude any party to the lawsuit or their

17 attorneys (a) from showing RECORDS designated as CONFIDENTIAL MATERIAL to an

18 individual who either prepared or reviewed the RECORDS prior to the filing of this action, or (b)

19 from disclosing or using, in any manner or for any purpose, RECORDS from the party's own files

20 which the party itself has designated as CONFIDENTIAL MATERIAL.

21      15.    Within sixty (60) days of the termination of litigation between the parties, all

22 CONFIDENTIAL MATERIAL, and all copies thereof, except such copies which have been filed

23 with the Court, utilized in accordance with the Protective Order, or which are and will continue to

24 be maintained in a secure place pursuant to the continuing obligations of the Protective Order,

25 shall be returned to the party which produced it or shall be destroyed.

26      16.    Except as specifically provided herein, the terms, conditions and limitations of the

27 Protective Order shall survive the termination of this action at the option of the designating party.

28      17.    The Protective Order is without prejudice to the right of any party to seek relief

**COOPER, WHITE & COOPER LLP**
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1259721.1                                    5
STIPULATED PROTECTIVE ORDER

from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 16, inclusive hereof.

DATED: June ___, 2019     COOPER, WHITE & COOPER LLP

By: _signature on original_
Jill B. Rowe
Attorneys for Defendant Comcast Cable Management Communications, LLC

DATED: June __, 2019      BEST BEST & KRIEGER LLP

By: _signature on original_
Mark R. Velasquez
Attorneys for Plaintiff Sacramento Metropolitan Cable Television Commision

**ORDER**

**IT IS SO ORDERED.**

DATED: June 11, 2019

_/s/ Edmund F. Brennan_
Hon. Edmund F. Brennan
U.S. Magistrate Judge

**COOPER, WHITE & COOPER LLP**
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1259721.1

6

STIPULATED PROTECTIVE ORDER

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that he/she has read the Protective Order which was entered by the Court on _____, 2019, in the matters *Sacramento Metropolitan Cable Television Commission v. Comcast Cable Communications Management, LLC*, 2:18- cv-500 WBS EFB and *Sacramento Metropolitan Cable Television Commission v. Comcast Cable Communications Management, LLC*, 2:18- cv-1212 WBS EFB, that he/she is one of the persons contemplated in the Protective Order as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order. The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Eastern District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____

**COOPER, WHITE & COOPER LLP**
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1259721.1

7

STIPULATED PROTECTIVE ORDER